An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123

## IN THE SUPREME COURT OF THE STATE OF NEVADA

AI CONCEPTS, INC., A FOREIGN
CORPORATION DOING BUSINESS IN
NEVADA,
Appellant,
vs.
HERITAGE BANK OF NEVADA, A
NEVADA BANKING CORPORATION;
AND HART-STONE MARBLE &
GRANITE, INC., A NEVADA
CORPORATION,
Respondents.

No. 58733

FILED

FEB 06 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court summary judgment in an interpleader action. Second Judicial District Court, Washoe County; Robert H. Perry, Judge.

Respondent Hart-Stone Marble & Granite, Inc. maintained a deposit account at respondent Heritage Bank of Nevada. Appellant AI Concepts, Inc. (AIC) asserted a claim to funds that Heritage Bank had set off from Hart-Stone's deposit account. The district court granted summary judgment in favor of Heritage Bank.

This court reviews "a district court order granting summary judgment de novo. Summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. . . . [T]his court views the record in the light most favorable to the nonmoving party." Sparks v. Alpha Tau Omega Fraternity, 127 Nev. ___, ___, 255 P.3d 238, 242-43 (2011) (citations omitted) (internal quotations omitted); see also NRCP 56(c).

13-03851

Hart-Stone deposited funds into its account at Heritage Bank. There is no evidence in the record that Hart-Stone informed the bank of AIC's alleged interest in the funds at the time Hart-Stone made its deposit. Although AIC appears to argue that the deposited check was a "special deposit,"[1] the check was made payable solely to Hart-Stone, the deposit slip did not indicate that the deposit was special, and there is no evidence in the record indicating that Hart-Stone's account with Heritage was a special-deposit account. Additionally, AIC concedes that Heritage had no actual or constructive knowledge of AIC's alleged interest until after Heritage set off the funds. Furthermore, even if Hart-Stone's account was a "construction disbursement account," see NRS 108.2403(1)(b)(1), or if AIC had filed a lien, AIC's interest would not have priority over Heritage's interest.[2] Viewing the record in the light most favorable to AIC, we conclude that no genuine issues of material fact

---

[1]"A special deposit is one in which funds are deposited for a special purpose . . . ." State v. Banks, 56 Nev. 133, 142, 47 P.2d 384, 386 (1935); see also First Nat. Bank, Etc. v. Estate of Philp, 436 N.E.2d 15, 16 (Ill. App. Ct. 1982). A "special deposit" is not subject to setoff because such deposits are similar to property held in trust, or property held as a bailment. Banks, 56 Nev. at 142, 47 P.2d at 386; Estate of Philp, 436 N.E.2d at 16-17.

[2]NRS 108.226(1) requires a lien claimant to file a lien in order to perfect the lien claimant's interest. These liens have priority over any other interest that attaches to the property or project "after the commencement of construction." NRS 108.225(1). Even if AIC had filed a lien, there is no evidence in the record that Heritage obtained its interest "after the commencement of construction." Heritage obtained its interest in Hart-Stone's account in July 2009. AIC and Hart-Stone did not enter into an agreement for AIC to provide materials to Hart-Stone until May 2010. Therefore, Heritage's interest would have priority over AIC's interest.

remain, and the district court properly granted summary judgment in favor of Heritage Bank.

Insofar as AIC urges this court to overrule existing precedent and adopt the equitable exception to the setoff doctrine, we decline to do so. See Cooper v. Nevada Bank of Commerce, 81 Nev. 344, 348, 403 P.2d 198, 199-200 (1965); McStay Supply Co. v. Stoddard, 35 Nev. 284, 298, 132 P. 545, 548 (1913).

Accordingly, we ORDER the judgment of the district court AFFIRMED.

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Cherry

cc:    Second Judicial District Court Dept. 9
       Nicholas F. Frey, Settlement Judge
       Robison Belaustegui Sharp & Low
       Law Offices of Michael B. Springer
       Gordon Silver/Reno
       Washoe District Court Clerk

